# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT AYRES DASILVA, JR., | Cause No. CV 12-00007-GF-SEH-RKS |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| GREAT FALLS POLICE DEPARTMENT, CITY OF GREAT FALLS, and COUNTY OF CASCADE, | |
| Defendants. | |

## I. SYNOPSIS

Mr. DaSilva has filed a proposed Complaint, Motion to proceed in Forma Pauperis, Motion to Stay, and Motion for Leave to File Conventionally. C.D. 1-4. The Motion to Proceed in Forma Pauperis will be granted and the motions to stay and for leave to file conventionally will be denied. Mr. DaSilva alleges false arrest and wrongful prosecution in violation of his procedural due process rights. The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action

presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1). Upon referral, magistrate judges are only permitted to rule on motions that do not decide all or part of a case without the consent of the parties. 28 U.S.C. § 636(b). Magistrate judges do not have jurisdiction to rule on case-dispositive motions without consent, and can only enter findings and recommendations on those motions. Id. Upon consent of the parties, a magistrate judge may conduct all proceedings and enter judgment for the entire case. 28 U.S.C. § 636(c).

## III.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. DaSilva submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. DaSilva must pay the statutory filing fee of $350.00. Mr. DaSilva submitted an account statement showing he has insufficient funds to pay an initial filing fee, therefore, the initial partial filing fee will be waived. Mr. DaSilva must make monthly payments of 20% of the

preceding month's income credited to Mr. DaSilva's prison trust account.  The

percentage is set by Congress and cannot be altered.  <u>See</u> 28 U.S.C. § 1915(b)(2).

A separate order will direct the agency having custody of Mr. DaSilva to forward

payments from his account to the Clerk of Court each time the amount in the

account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## IV.  MOTION TO STAY

Mr. DaSilva cites <u>Wallace v. Kato</u>, 549 U.S. 384 (2007) for the proposition

that this matter should be stayed pending resolution of the criminal issue.  Mr.

DaSilva has been convicted, therefore, there is no basis to stay the case.  The

motion will be denied.

## V.  STATEMENT OF CASE

### A.  Parties

Mr. DaSilva is a prisoner proceeding without counsel.  He is incarcerated at

the Dawson County Detention Facility in Glendive, Montana.  The named

defendants are the Great Falls Police Department; the City of Great Falls, Montana;

and Cascade County, Montana.  C.D. 2, p. 4.

### B.  Factual Allegations

Mr. DaSilva alleges the State suppressed elements of the charged offense

from the jury in order to obtain a conviction and the Great Falls Police filed

fraudulent information in order to obtain an arrest. He contends Defendants wrongfully arrested and charged him in violation of his procedural due process rights. C.D. 2, p. 5.

Mr. DaSilva was convicted in Washington of assault in the second degree with sexual motivation and sentenced in 1998. State v. DaSilva, Mt S.Ct OP 10-0323. In 2010, Mr. DaSilva was convicted by a Cascade County District Court jury and sentenced to five years in prison for failure to provide notice of address change as a sex offender. Id. at p. 3. Mr. DaSilva's conviction was affirmed by the Montana Supreme Court on August 2, 2011. Id. at p. 2.

On December 14, 2011, Mr. DaSilva filed a petition for writ of habeas corpus with the Montana Supreme Court arguing his due process rights were violated because the state district court did not properly instruct the jury and the Great Falls Police Department's attempt to verify his address was illegal because the statute did not explicitly permit address verification. DaSilva v. Green, Mt S.Ct OP-11-0737 decided January 24, 2012. The Montana Supreme Court denied the petition because Mr. DaSilva did not raise either issue on appeal so his claims were procedurally barred.

## VI. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW

Mr. DaSilva is a prisoner proceeding in forma pauperis so his Complaint is

reviewed under 28 U.S.C. § 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B)

allow for the dismissal of a pro se prisoner complaint before it is served upon the

defendants if it is frivolous, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a

claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of

his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

(2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its

face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks

omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers'."  Erickson v. Pardus, 551 U.S. 89, 94 (2007);

Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial

justice").

Although the statute requires a dismissal for the reasons stated, it does not

deprive the district court of its discretion to grant or deny leave to amend.  Lopez v.

<u>Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez</u>, 203 F.3d. at 1127 (<u>quoting</u> <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (<u>citing</u> <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980)).

## VII. ANALYSIS

Mr. DaSilva's claims arise out of his state conviction for which he is currently incarcerated. Since his criminal conviction has not been overturned, all claims relating to his criminal proceedings are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). In <u>Heck</u>, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. <u>Heck</u>, 512 U.S. at 487.

Any judgment regarding Mr. DaSilva's arrest and/or his criminal trial would

necessarily imply the invalidity of Mr. DaSilva's conviction.  Mr. DaSilva has filed

a state appeal and a state petition for writ of habeas corpus both of which have

been denied.  His conviction has not been reversed, declared invalid, expunged, or

called into question.

A determination in this Court regarding whether any of Mr. DaSilva's rights

were violated during his criminal proceedings would necessarily imply the

invalidity of that conviction.  Therefore, his claims are barred by <u>Heck</u>.

## VIII. CONCLUSION

Mr. DaSilva has failed to state a claim upon which relief may be granted as

his claims are barred by the doctrine set forth in <u>Heck v. Humphrey</u>.  This case

should be dismissed.

### A.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the
> district-court action, or who was determined to be financially unable
> to obtain an adequate defense in a criminal case, may proceed on
> appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is
> filed-certifies that the appeal is not taken in good faith or finds that the
> party is not otherwise entitled to proceed in forma pauperis and states
> in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.  Mr. DaSilva's claims are clearly Heck barred.  As such, no reasonable person could suppose an appeal would have merit.  The Court should certify that any appeal of this matter would not be taken in good faith.

**B.  Address Changes**

At all times during the pendency of this action, Mr. DaSilva SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and

its effective date, except if Mr. DaSilva has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing:

It is **ORDERED:**

1. Mr. DaSilva's Motion to Proceed in Forma Pauperis C.D. 1 is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint C.D. 2 to remove the word "LODGED" and the Complaint is deemed filed on January 20, 2012.

3. Mr. DaSilva's Motion to Stay C.D. 3 is denied.

4. Mr. DaSilva's Motion for Leave to File Conventionally C.D. 4 is denied as moot. Non-lawyers are not required to file electronically.

It is **RECOMMENDED:**

1. Mr. DaSilva's Complaint C.D. 2 should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this

decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. DaSilva may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. DaSilva files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. DaSilva from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations.  Failure to timely file written objections

may bar a de novo determination by the district judge and/or waive the right to

appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 7th day of March, 2012.


    /s/ Keith Strong
Keith Strong
United States Magistrate Judge